IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30830
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

LARRY WASHINGTON, JR., also known as Tick,

                                          Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CR-20059-2
- - - - - - - - - -
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     Larry Washington, Jr., also known as Tick, appeals from the
sentence following his guilty-plea conviction for conspiracy to
distribute cocaine base.  He argues that the district court erred
by relying on the testimony of an FBI agent and three of his
codefendants because such testimony was not sufficiently reliable
for sentencing purposes.  Because Washington did not object to
the admission of such testimony on this basis at sentencing, this

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

issue is reviewed only for plain error.  See <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993); <u>see also</u> Fed. R. Crim. P. 52(b).

A sentencing court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).  All facts used for sentencing purposes must be "reasonably reliable."  <u>United States v. Shacklett</u>, 921 F.2d 580, 584-85 (5th Cir. 1991).  The testimonies of the FBI Agent and the three codefendants were essentially consistent with each other regarding Washington's participation in the drug-trafficking conspiracy, and the district court held Washington accountable for only a fraction of the drug quantities referenced in their testimonies.  The district court did not err, plainly or otherwise, in basing its drug-quantity calculation on such testimonial evidence.  <u>See</u> <u>United States v. Morris</u>, 46 F.3d 410, 425-26 (5th Cir. 1996).

AFFIRMED.